A08A0773. SAWHILL v. THE STATE.
(665 SE2d 353)

JOHNSON, Presiding Judge.

A Floyd County jury found John Sawhill guilty of the unauthorized practice of law, and he was given a 12-month sentence consisting of six months in confinement and six months on probation. Sawhill appeals, challenging the sufficiency of the evidence. The challenge is without merit and we affirm the conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the appellant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine witness credibility; rather, our standard of review is whether, based on the evidence, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt.[2]

Viewed in the light most favorable to the verdict, the evidence shows that in February 2005, Clifford Broome was placed on probation in Floyd County for traffic offenses. Later that year, he was working outside Georgia and needed help making sure that his probation fees and fines were paid. In November 2005, Sawhill, who is not a licensed attorney, called Broome and offered to help him make the probation payments while he was out of state. Broome had met Sawhill on two or three prior occasions, and believed from what Sawhill had said on those occasions that he was a licensed attorney. Broome agreed to pay Sawhill for his help in making the probation payments.

On November 29, 2005, Sawhill called Broome's probation officer and told her that he was representing Broome. He said that his client was out of state and asked for the balance of Broome's unpaid fines. The probation officer told Sawhill that the balance was $1,358 and that it needed to be paid in full by December 10, 2005, in order to avoid additional fees.

Sawhill then called Broome and informed him of the balance. Broome said he would send $800, from which Sawhill could take his fee and then pay the rest toward Broome's unpaid probation fines. A few days later, on December 2, 2005, Broome wired Sawhill the $800.

---

[1] *Garza v. State*, 285 Ga. App. 902 (648 SE2d 84) (2007).
[2] Id.

None of the money was ever paid to the probation department and Broome never heard back from Sawhill.

OCGA § 15-19-51 establishes that the practice of law without a license is forbidden. That Code section provides, in pertinent part, that it shall be unlawful for any person other than a duly licensed attorney at law (a) to hold himself out to the public or otherwise to any person as being entitled to practice law, or (b) to render or furnish legal services or advice.[3] In the instant case, there is sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that Sawhill engaged in the unauthorized practice of law by holding himself out to Broome and Broome's probation officer as being entitled to practice law and by furnishing legal services and advice to Broome.[4]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED JUNE 18, 2008 —
RECONSIDERATION DENIED JULY 3, 2008.

John E. Sawhill III, *pro se.*
Leigh E. Patterson, *District Attorney*, for appellee.

---

[3] OCGA § 15-19-51 (a) (3), (4).

[4] See, e.g., *Marks v. State*, 280 Ga. 70, 73 (1) (b) (623 SE2d 504) (2005); *Gaines v. State*, 177 Ga. App. 795, 801 (3) (341 SE2d 252) (1986).